UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMMY FAULKNER, et al.,

    Plaintiff,

v.

AERO FULFILLMENT SERCVICES,

    Defendant.

Case No. 1:19-cv-268

Dlott, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Through counsel, Plaintiffs Tammy Faulkner and Tina Moore filed suit against Aero Fulfillment Services, alleging gender-based pay discrimination in their employment. Currently before the Court is Plaintiffs' oral motion to extend discovery in order to complete four depositions that were requested prior to the discovery deadline. Defendant strongly opposes any extension.

**I.    Background**

Pursuant to the undersigned's standing order, the parties initially contacted the court for an informal hearing after they were unable to resolve their dispute. As directed by the Court, the parties submitted informal letters to the undersigned that summarized the dispute prior to the telephonic hearing held on October 22, 2020.[1] Having reviewed those submissions and having heard oral argument on the issues presented, the

---

[1] Ordinarily the parties' informal submissions are not to be filed of record. Solely for purposes of any appeal and in recognition of Defendant's strong objection to this Order, the undersigned will direct the Clerk to preserve the informal submissions by filing them as Exhibits under seal.

1

undersigned will GRANT Plaintiffs' oral motion to extend discovery for a limited time for the purpose of completing the four referenced depositions.

**II.    Analysis**

The initial calendar order on this case was entered in July 2019, but that order was modified and the discovery period ultimately was extended until October 16, 2020. Defendant complains that Plaintiffs have not demonstrated "good cause" for a second extension of discovery. It argues that the request should be denied because Plaintiffs did not identify the witnesses they sought to depose until September 28 and October 8, 2020.

Under Rule 16(b)(4), Fed. R. Civ. P., a scheduling order "may be modified only for good cause and with the judge's consent." Eleventh hour lawyering is hardly to be commended. However, the instant case cannot be compared to the cases cited by Defendant. *See, e.g., Oatly AB v. D's Naturals LLC*, 2020 WL 2912105 (S.D. Ohio June 3, 2020) (denying motion to amend complaint to add twelve new claims nineteen months passed the expired deadline); *Williams v. Franklin County Mun. Ct.*, 2012 WL 12929905 (S.D. Ohio Feb. 6, 2012) (finding a lack of diligence where defense counsel engaged in discovery while plaintiff admittedly ignored warning by court to move forward and took a "hiatus" while a dispositive motion remained pending). Although Plaintiffs are not wholly blameless, <u>the impact of the global pandemic on civil litigation over the past six months cannot be understated</u>. In fact, the delays occasioned by the pandemic provided "good cause" for the parties' prior 90-day joint request to extend deadlines. (Doc. 16). Due to related delays, Defendant admittedly did not take Plaintiff Faulkner's deposition until September 18, and did not complete Plaintiff Moore's deposition until October 13 – just three days prior to the discovery cut-off.

This is a case in which counsel for both sides have a wealth of litigation experience. It is hardly unusual for plaintiff's counsel in an employment discrimination case to wait until his client's deposition is concluded prior to scheduling the deposition of defense witnesses. Of course, ideally, Plaintiffs' counsel would have at least informally advised defense counsel that they desired to take some depositions earlier in the process. At the same time, while Defendant may claim surprise that Plaintiffs would wait until eighteen days before the close of discovery to identify witnesses that they sought to depose, experienced counsel surely cannot claim shock that opposing counsel may wish to take *some* depositions.

Contrary to Defendant's argument, the undersigned also does not find the fact that Plaintiffs' counsel failed to issue formal Notices or subpoenas for the requested depositions prior to the informal hearing to be extraordinary or even remarkable. It is customary to confer with opposing counsel prior to issuing such Notices or subpoenas. When informal correspondence revealed a continuing dispute, after some initial and appropriate compromise involving Plaintiffs' agreement to drop their request for a Rule 30(b)(6) witness, counsel contacted chambers to schedule a telephonic conference.[2] Had Plaintiffs' counsel instead reacted by issuing the Notices or subpoenas for deposition dates without further consulting defense counsel, that action undoubtedly would have been met with a motion to quash and/or the same conference that ultimately occurred. Considering the record presented, and recognizing the unusual delays occasioned by the

---

[2] It is true that a formal motion to compel a Rule 30(b)(6) deposition will not be granted absent issuance of a Notice or Subpoena, and that a motion to compel the deposition of a party also "ordinarily is not filed prior to a formal notice of deposition." *See Firestone Fin. Corp. v. AB Marketing, LLC*, 2013 WL 3813516 (S.D. Ohio July 22, 2013). However, like other cases cited by Defendant, *Firestone* is distinguishable. In that case, defense counsel's formal motion to compel depositions was denied because it was filed in violation of multiple rules, including L.R. 37 and this Court's standing order. Here, Plaintiffs' counsel appropriately sought an informal discovery conference prior to filing any formal motion.

pandemic and the specific impact on this case, the undersigned finds that Plaintiffs have established "good cause" for a modest and limited further extension of discovery.

## II. Conclusion and Order

The Court being fully advised, **IT IS ORDERED**:

1. Plaintiffs' oral motion to extend the recently expired discovery deadline for the sole purpose of completing the four requested depositions is **GRANTED**, up to and including **December 14, 2020**. Defendant shall work cooperatively to promptly schedule the depositions of the two current employees and shall provide the last known address of the two former-employees on or before **October 30, 2020**;

2. The dispositive motion deadline in this case also will be extended, up to and including **January 14, 2021**;

3. The Clerk of Court shall append to this Order, as Exhibits filed under seal, the informal submissions made by the parties in advance of the telephonic discovery hearing;

4. The parties are strongly advised that no further extensions of these deadlines will be granted for any purpose absent: (1) the filing of a formal Rule 16(b)(4) motion to extend prior to the expiration of the stated deadlines; and (2) an **extraordinary** showing of good cause.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
